IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**CHARLES JERMAINE RICHARDS JR.,**

      **Petitioner,**

v.                                         Civil Action No. 5:17cv49
                                                  (Judge Stamp)

**WARDEN KALLIS,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 19, 2017, the *pro se* Petitioner, Charles Jermaine Richards, Jr., an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence in light of the United States Supreme Court's decision in Mathis v. U.S., 136 S.Ct. 2243 (2016), and the Fifth Circuit decision in United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). On April 20, 2017, the Petitioner was granted leave to proceed *in forma pauperis*. ECF No. 5. On November 2, 2017, the undersigned Magistrate Judge made a preliminary review of this matter and determined that summary dismissal was not appropriate. Accordingly, the Respondent was directed to file a response. ECF No. 9. On November 28, 2017, the Respondent filed his Response which included a Motion to Transfer the case the United States District Court for the Central District of Illinois, where the Petitioner was convicted and sentenced. In support of the Response, the Respondent noted that Fourth Circuit precedent precluded the Petitioner from challenging his sentence in a §

2241 petition, while the Seventh Circuit permitted such a challenge. ECF No. 13. By Order dated November 30, 2017, the Petitioner was directed to notify the Court whether he joined in the Respondent's Motion to Transfer. ECF No. 15. On December 12, 2017, the Petitioner notified the Court that he objected to the Respondent's motion and did not wish to have his case transferred. ECF No. 54. For the reasons outlined below, the undersigned now issues this Report and Recommendation without requesting a substantive response from the Respondent.

## II. Factual and Procedural History[1]

### A. Conviction and Sentence

On March 4, 2010, in the United States District Court for the Central District of Illinois, a one-count indictment was returned against Petitioner in Case No. 2:10cr20012, which charged the Petitioner with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922)g)(1). ECF No. 1. On February 23, 2011, the Petitioner entered into a Plea Agreement. ECF No. 14. On March 30, 2011, the District Court accepted the Petitioner plea of guilty. ECF No. 20. On May 31, 2011, Judgment was entered which adjudicated the Petitioner guilty of violating 18 U.S.C. § 922(g)(1) and committed him to the custody of the United States Bureau of Prison to be imprisoned for a total term of 195 months. ECF No. 25.

### B. Appeal

The Petitioner did not file an appeal.

---

[1] The facts are taken from the Petitioner's criminal Case No. 2:10cr20012 in the United States District Court for the Central District of Illinois, available on PACER. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

**C. Motions to Vacate, Appeals Thereof and other Motions for Relief**

The Petitioner has not filed a Motion to Vacate pursuant to 28 U.S.C. 2255. However, on October 14, 2015, the Petitioner filed a Motion to Review Sentence Pursuant to 18 U.S.C. § 3742(a)(1). ECF No. 31. The Petitioner argued that he was improperly sentenced under the Armed Career Criminal Act ("ACCA") because his predicate offenses, delivery of a controlled substance and two convictions for unlawful possession did not subject him to at least 10 years' incarceration. The Petitioner further argued that courts are required to determine the actual exposure of a sentencing range for a defendant's prior convictions and not the hypothetical exposure of a worst case scenario of a defendant's sentencing range. Id. at 4-5. On October 26, 2015, the District Court concluded that relief sought under § 3742(a)(a) pertains to a direct appeal, and his request was plainly untimely. In addition, the Court noted that to the extent the Petitioner wished to collaterally attack his conviction and sentence he must do so pursuant to 28 U.S.C. § 2255. Therefore, his Motion to Review Sentence was denied.

On February 27, 2017, the Petitioner filed a letter with the sentencing court raising the issue of Mathis and Hinkle, and their application to his case. ECF No. 35. On February 28, 2017, the District Court entered a Text Order noting that claims based on Mathis v. United States, must be brought, if at all, in a petition under 28 U.S.C. § 2241.

**D.    Instant § 2241 Petition**

The Petitioner alleges that he is challenging his sentence. More specifically, he alleges that in light of the Fifth Circuit decision in U.S. v. Hinkle, 832 F.3d 569 (2016)[2] and the United States Supreme Court decision in Mathis v. United States, 136 S.Ct.

---

[2] In Hinkle, the Fifth Circuit held that an offer to sell did not constitute a "controlled substance offense" within the meaning of the Sentencing Guidelines.

3

2243 (2016), he has been improperly sentenced under the ACCA. The Petitioner elaborates that neither his Illinois state conviction on November 5, 1991 for delivery of a controlled substance; nor his Illinois state conviction on February 4, 1998 for delivery of a controlled substance; nor his Illinois state conviction on September 22, 1994 for possession of a firearm by a convicted felon are validate predicate offenses for designation as an armed career criminal. ECF No. 1 at 5-6. In light of Hinkle and Mathis, the Petitioner alleges he is actually innocent of being an armed career criminal. For relief, he asks that this Court vacate his sentence and remand for resentencing without the armed career criminal enhancement or any other relief to which he is entitled. Id. at 8.

### III. Legal Standard

**A.      Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.      Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  a. The date on which the judgment of conviction becomes final;
  b. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  c. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  d. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255

7

> motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

### IV. Analysis

The Petitioner does not seek relief under any permissible ground in his § 2241 petition. The Petitioner essentially claims that his sentence was improperly enhanced by the sentencing court. His claims do not relate to the execution of sentence or calculation of sentence by the BOP. Instead, they relate to the validity of the Petitioner's sentence imposed in the Central District of Illinois. Such claims are properly contested either on direct appeal or in a § 2255 proceeding, and thus the instant petition is actually an attempt to obtain relief available under § 2255, and should be treated as such.[5]

Although Petitioner does not argue that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. Because Petitioner is not contesting his conviction, the Jones standard does not apply to his petition for relief. Instead, the Court must review the petition which contests the imposed sentence under the four-part Wheeler test. As to the first prong, it is clear that at the time of sentencing,

---

[5] The Court notes that the Petitioner has not previously filed a Section 2255 petition. However, It would appear fruitless to allow the Petitioner to elect to proceed under § 2255, because any such action would be grossly untimely.

settled law established the legality of the sentence imposed. However, Petitioner cannot meet the second element of the Wheeler test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.[6] Because Petitioner cannot meet the second prong of the Wheeler test, this Court does not need to consider the third or fourth parts of the test.

Petitioner's reliance on Mathis is misplaced, because the Supreme Court in Mathis unequivocally stated that it was not announcing a new rule and that its decision was dictated by decades of precedent. 136 S.Ct. at 2257. Moreover, the holding of Mathis has not been held to be retroactive to cases on collateral review. Walker v. Kassell, __ Fed. Appx. __, 2018 WL 2979571 (June 13, 2018). See also Stewart v. United States, No. Elh-17-1408. 2017 WL 2361809, at *5 (D.Md. May 31, 2017) (§ 2255 case collecting cases holding that Mathis is non-retroactive); Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D.W. Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is non-retroactive). Furthermore, Hinkle is not binding precedent in this Circuit, and moreover, it does not create a new constitutional right. See United States v. Bermea, 2017 WL 821787, slip op. at 2 (S.D. Tex. Mar. 2, 2017) ("Although Hinkle changed the interpretation of the effect of a particular kind of conviction, it did not write new law.) Because Mathis does not announce a new rule of law, and is otherwise irrelevant to the determination of whether Petitioner can assert his claims under § 2241, and Hinkle is neither retroactive nor a decision from this Circuit, the Petitioner cannot meet the second prong of Wheeler. It is clear that Petitioner attacks the validity of his

---

[6] Furthermore, because the Petitioner neither appealed his conviction nor filed a section 2255, he fails to meet any portion of the second prong of Wheeler.

9

sentence, but fails to establish that he meets all four of the <u>Wheeler</u> requirements. Accordingly Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy and has improperly filed his petition under § 2241.

For all the above reasons, the Petitioner's claims raised under § 2241 seek relief that is instead properly considered under § 2255. Because the Petitioner cannot meet the savings clause of § 2255, the Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the Petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.** In addition the undersigned recommends that the Respondent's Motion to Transfer [ECF NO. 13] be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  July 2, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE