IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHARLES JERMAINE RICHARDS, JR.,

    Petitioner,

v.                                  Civil Action No. 5:17CV49
                                                 (STAMP)

WARDEN KALLIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DISMISSING PETITIONER'S PETITION**

I.   Background

The pro se[1] petitioner, a federal inmate housed at FCI Hazelton, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The petitioner argues that under Mathis v. United States, 136 S. Ct. 2243 (2016), and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016), his two prior convictions for delivery of a controlled substance and a prior conviction for possession of a firearm by a felon are no longer valid predicate offenses under the Armed Career Criminal Act ("ACCA"). ECF No. 1 at 5-6. For relief, the petitioner asks that he be resentenced without an armed career criminal enhancement. ECF No. 1 at 8.

The respondent filed a response and motion to transfer case. ECF No. 13. In that motion, the respondent argues that the law of

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the United States Court of Appeals for the Fourth Circuit precludes a criminal defendant from fundamentally challenging his sentence under a § 2241 petition. ECF No. 13 at 2. However, the respondent points out that the law of the United States Court of Appeals for the Seventh Circuit allows challenges to a sentence under a § 2241 petition. ECF No. 13 at 2. Because the petitioner was sentenced in the United States District Court for the Central District of Illinois, within the jurisdiction of the Seventh Circuit, the respondent argues that this case should be transferred to that court. ECF No. 13 at 4.

Upon direction of the Court, the petitioner notified the Court that he objected to the respondent's motion to transfer and did not wish to have his case transferred. ECF No. 17.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge then entered a report and recommendation. ECF No. 18. In that recommendation, the magistrate judge recommended that the petition be denied and dismissed without prejudice and that the motion to transfer be denied. ECF No. 18 at 10. The magistrate judge found that the petitioner's claims relate to the validity of his sentence, and as such are properly brought either on direct appeal or in a § 2255 motion. ECF No. 18 at 8. Further, the magistrate judge found that Mathis did not establish a new rule of law and

that Hinkle is neither retroactive nor binding precedent for this Court. ECF No. 18 at 9. Accordingly, the magistrate judge found that the petitioner cannot demonstrate that 18 U.S.C. § 2255 is an inadequate or ineffective remedy, and therefore the § 2241 petition is improperly filed. ECF No. 18 at 10.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III.  Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a

mistake has been committed" by the magistrate judge. <u>United States v. Gypsum Co.</u>, 333 U.S. at 395. The magistrate judge correctly held the <u>pro se</u> petition to less stringent standards than those complaints drafted by attorneys. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). The magistrate judge noted that in order to contest a sentence through § 2241 petition, a petitioner must show that a motion under § 2255 would be inadequate or ineffective. ECF No. 18 at 7 (citing <u>United States v. Wheeler</u>, 886 F.3d 415, (4th Cir. 2018)). To meet the second prong of <u>Wheeler</u>, the petitioner must show that a change in substantive law applied retroactively to their sentence. The magistrate judge correctly noted that the cases on which petitioner relies, <u>Mathis</u> and <u>Hinkle</u>, do not meet this requirement because neither are retroactive. ECF No. 18 at 9. Thus, the magistrate judge correctly found that the petitioner's claims may not be considered under a § 2241 petition. ECF No. 18 at 10.

Therefore, this Court finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

## IV. <u>Conclusion</u>

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge

4

(ECF No. 18) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the respondent's motion to transfer the case (ECF No. 13) is DENIED.

It is further ORDERED that this case be DISMISSED WITHOUT PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 26, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE